IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CARLOS ROSADO, III, : CIVIL NO. 3:CV-07-1914
            Plaintiff :
: (Judge Munley)
v. :
:
COUNTY OF ADAMS, et al., :
            Defendants :
::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Plaintiff Carlos Rosado, III, a pro se prisoner formerly incarcerated at the Adams County Adult Correctional Complex, commenced this civil rights action on October 22, 2007. (Doc. 1). For the reasons set forth below, the matter will be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

I. **Procedural Background**

As noted above, this action was commenced on October 22, 2007. (Doc. 1.) Shortly thereafter, the court ordered service of the complaint on all defendants. (Doc. 9.) Although Waivers of Service were returned (Docs. 11, 13-14 ), and an answer or responsive pleading was due in February 2008, the matter remained stagnant until November 12, 2008, when the plaintiff requested a status of his case. (Doc. 15.) A docket sheet was forwarded to plaintiff. (Doc. 16.)

On January 13, 2009, based on plaintiff's failure to prosecute the matter by failing to move the litigation forward, an order was issued directing plaintiff to show cause on or before January 23, 2009, why the action should not be dismissed pursuant to Federal Rule of

Civil Procedure 41(b) for failure to prosecute. (Doc. 17.) Plaintiff sought a timely enlargement of time (Doc. 18), which was granted. He was advised that if he failed to respond by March 16, 2009, he would suffer dismissal of the action. (Doc. 19.) On March 16, 2009, he filed a motion to appoint counsel. (Doc. 20). On March 18, 2009, he sought a motion for an enlargement of time. On March 30, 2009, the motion for appointment of counsel was denied (Doc. 22), but the motion for an extension of time was granted (Doc. 23). Plaintiff was advised that if he failed to comply with the court's order of January 13, 2009 (Doc. 17), on or before April 15, 2009, he would suffer dismissal of the action for failure to prosecute. He was further advised that no further extensions of time would be allowed. (Doc. 23.)

The April 15, 2009, deadline has passed and plaintiff has taken no action to move this litigation forward.

## II. Discussion

Federal Rule of Civil Procedure 41(b) permits a District Court to dismiss a plaintiff's case for failure to prosecute. See FED.R.CIV.P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). In so doing, the court must balance the following factors: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of

sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).

### A. Analysis of the Poulis Factors

#### 1. The extent of the party's personal responsibility

A pro se plaintiff is responsible for his failure to comply with a court's orders. Emerson v. Thiel Coll., 296 F.3d 184, 191 (3d Cir. 2002). Plaintiff initially stated that he was having difficulty managing the action because his access to the law library was limited. He reiterated this problem in his next motion. However, at this point, this litigation has been pending for more than eighteen months and has not moved beyond the initial filing of the complaint. The court can only conclude that he is personally responsible for failing to prosecute the matter and for failing to comply with court orders.

#### 2. The prejudice to the adversary

"Evidence of prejudice to an adversary would bear substantial weight in support of a dismissal or default judgment." Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873-74 (3d Cir. 1994)(internal quotations and citations omitted.) Generally, prejudice includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Id. at 874.

In the matter *sub judice*, plaintiff's failure to move the litigation forward has resulted in no prejudice to defendants as they have not entered an appearance in the matter or filed an

3

answer or responsive pleading.

3. A history of dilatoriness

"Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." Adams, 29 F.3d at 874; see also Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003) (finding that a history of dilatory conduct existed because the plaintiffs "failed repeatedly" to provide a damages calculation for the defendant); Emerson, 296 F.3d at 191 (finding that a history of dilatory conduct existed because the "procedural history of this case reflects continuous dilatoriness" as demonstrated by the plaintiff's multiple requests for stays and failure to comply with multiple deadlines).

As is clear from the procedural background set forth *supra*, plaintiff failed to comply with multiple deadlines and lulled the court into believing that he would be taking action to move the case forward. Based on this conduct, the court finds that plaintiff has consistently delayed this matter to the extent that his conduct constitutes a "continuous stream of dilatory conduct." See Briscoe v. Klem, 538 F.3d 252, 261 (3d Cir. 2008).

4. Was the conduct willful or in bad faith?

Under this factor, the District Court must consider whether the conduct was "the type of willful or contumacious behavior which was characterized as flagrant bad faith." Adams, 29 F.3d at 875 (internal quotation marks and citation omitted). Generally, "[w]illfulness involves intentional or self-serving behavior." Id.; see also Emerson, 296 F.3d at 191

4

(finding bad faith because the conduct went beyond mere negligence). Over the course of the past months, plaintiff engaged in willful behavior by consistently seeking extensions of time based on self-serving representations that he would prosecute this action.

5. Effectiveness of sanctions other than dismissal

Ordinarily, a District Court must consider the availability of sanctions alternative to dismissal. Poulis, 747 F.2d at 869. However, where a plaintiff is proceeding pro se, and moreover, is proceeding in forma pauperis, as is the case here, it has been found that no alternative sanctions existed because monetary sanctions, including attorney's fees, "would not be an effective alternative." Emerson, 296 F.3d at 191. In a scenario such as the present one, where the court is faced with a complete lack of cooperation on the part of the individual that brought the action, the only appropriate sanction is dismissal.

6. Meritoriousness of the claim

"A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis, 747 F.2d at 869-70, citing United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984); Feliciano v. Reliant Tooling Co., 691 F.2d 653, 657 (3d Cir. 1982); Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982). The standard for a Rule 12(b)(6) motion to dismiss is utilized in determining whether a claim is meritorious. Poulis, 747 F.2d at 869-70. A claim, or defense is considered meritorious when the allegations of the pleading, if established at trial, would support recovery by plaintiff. Id.

Plaintiff's statement of claim section includes the following allegations:

> They both yanked my arm while hand-cuffed threw [sic] a door and my shoulder is dislocated and has never been fixed. They threatened me as well, and harrass [sic] me all of the time.
>
> I'm scared to have to live here. They both used excessive force on me. And I just came from medical having an asthma attack when this happened.
>
> I want them to have to pay for my damages (fix my arm) I also never want them to work here at (Adams Co. Adult Correctional Complex) again.
>
> I also never want this to happen to anybody.

(Doc. 1, at 3-4.) Thereafter, plaintiff filed a "brief" that contained more detailed information including dates and identifying defendants Dolozier and Caskey as the assailants. (Doc. 1, 10.)

In order to prevail on a § 1983 claim, a plaintiff must establish that: (1) the alleged wrongful conduct was committed by a person acting under color of state law, and (2) the conduct deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000); Schiazza v. Zoning Hearing Bd., 168 F. Supp. 2d 361, 372 (M.D. Pa. 2001). With respect to the County of Adams, Adams County Adult Correctional Complex, and Prime Care Medical Inc, plaintiff is unable to maintain the action as to these defendants because they are not persons for purposes of maintaining a civil rights action. Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989); Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274 (1977).

As for defendant Smeltzer, his or her name does not appear anywhere in the

6

allegations of the complaint or in the "brief." (Docs. 1, 10.) "A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988); see also, Rizzo v. Goode, 423 U.S. 362 (1976); Atkinson v. Taylor, 316 F.3d 257 (3d Cir. 2003). Thus, individual liability can be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. Rode, *supra*. There are no allegations implicating this defendant in any alleged misconduct.

With respect to the claim against defendants Dolozier and Caskey, the Eighth Amendment prohibits conditions which involve the unnecessary and wanton infliction of pain or are grossly disproportionate to the severity of the crime warranting imprisonment. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). The cruel and unusual punishment standard is not static, but is measured by "the evolving standards of decency that mark the progress of a maturing society." Id. at 346 (quoting Trop v. Dulles, 356 U.S. 86, 101 (1958)). To state a claim under the Eighth Amendment, an inmate must satisfy an objective element and a subjective element. Farmer v. Brennan, 511 U.S. 825, 834 (1994). The objective element, which is responsive to "contemporary standards of decency," questions whether the deprivation of a basic human need is sufficiently serious. Hudson v. McMillian, 503 U.S. 1, 8 (1992); Wilson v. Seiter, 501 U.S. 294, 298 (1991). The subjective component, which flows from the principle that "only the unnecessary and wanton infliction of pain implicates

7

the Eighth Amendment," asks whether the officials acted with a sufficiently culpable state of mind. See Farmer, 511 U.S. at 834 (quoting Wilson, 501 U.S. at 297 (internal quotation marks, emphasis, and citations omitted)); Rhodes, 452 U.S. at 345. What is necessary to establish an unnecessary and wanton infliction of pain varies according to the nature of the alleged constitutional violation. Hudson, 503 U.S. at 5.

Where the claim is one of excessive use of force, "the core judicial inquiry" as to the subjective component is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. "When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated." Id. at 9. In such cases, a prisoner may prevail on an Eighth Amendment claim even in the absence of a serious injury, so long as there is some pain or injury and something more than *de minimis* force is used. Id. at 9-10 (finding that blows which caused bruises, swelling, loosened teeth, and a cracked dental plate were not *de minimis* for Eighth Amendment purposes).

In determining whether a correctional officer has used excessive force in violation of the Eighth Amendment, courts look to several factors including: (1) the need for the application of force; (2) the relationship between the need and the amount of force used; (3) the extent of the injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) efforts made to temper the severity of a forceful response. Smith v. Mensinger 293 F.3d

641, 648-49 (3d Cir. 2002); Brooks v. Kyler, 204 F.3d 102, 106 (3d Cir. 2000). Thus, "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." Hudson, 503 U.S. at 9-10. Although the allegations against these defendants have not been developed, without question, they would survive a Rule 12(b)(6) motion to dismiss.

**B.  Balancing of the Poulis Factors**

In balancing the Poulis factors, no single factor is dispositive, Ware, 322 F.3d at 222, and not all of the factors need be satisfied in order to dismiss a complaint. Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992). It is clear that, following a full analysis and balancing of the factors, that dismissal of the action for failure to prosecute is warranted.

An appropriate order will issue.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated: 4/30/09

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARLOS ROSADO, III, | : | CIVIL NO. 3:CV-07-1914 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| COUNTY OF ADAMS, et al., | : | |
| Defendants | : | |

## ORDER

AND NOW, to wit, this 30th day of of April, 2009, in accordance with the accompanying memorandum, it is hereby ORDERED that:

1. Plaintiff's action is dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).

2. The Clerk of Court is directed to CLOSE this case.

3. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court